ERICKSON, Circuit Judge, concurring.
 

 I concur in the Court's opinion but write separately to note an area of concern. During the two decades that have elapsed since we decided
 
 United States v. Kime
 
 ,
 
 99 F.3d 870
 
 (8th Cir. 1996), significant developments have occurred in our understanding of memory science. The American Psychological Association has taken the position in
 
 amicus
 
 filings that the reliability of witness memory can be influenced by many factors that may not be readily apparent to lay persons.
 
 See
 
 Brief for American Psychological Association as Amicus Curiae Supporting Petitioner,
 
 Perry v. New Hampshire
 
 ,
 
 565 U.S. 228
 
 (2012) (No. 10-8974),
 
 2011 WL 3488994
 
 ;
 
 see
 

 also
 
 Brief for American Psychological Association as Amicus Curiae Supporting Appellant,
 
 Commonwealth v. Walker
 
 ,
 
 92 A.3d 766
 
 (Pa. 2014) (No. 28 EAP 2011),
 
 2011 WL 7784187
 
 . Cognitive psychologists have reminded courts that the popular conception of memory is often incorrect, noting that when we "experience an important event, we do not simply record it in our memory as a videotape recorder would." Elizabeth F. Loftus, et al.,
 
 Eyewitness Testimony: Civil and Criminal
 
 § 2-2, at 12 (4th ed. 2007). The relationship between eyewitness observations and the reliability of testimony in legal systems has been an area of intense interest in recent years and, as the science develops, so too will our application of the science.
 
 See,
 

 e.g.
 
 ,
 
 United States v. Bartlett
 
 ,
 
 567 F.3d 901
 
 , 906 (7th Cir. 2009) ("It will not do to reply that jurors know from their daily lives that memory is fallible. The question that social science can address is
 
 how
 
 fallible, and thus how deeply any given identification should be discounted.").
 

 I agree that, under the facts as developed in this case, the district court did not abuse its discretion by excluding Dr. Maclin's testimony. I note, however, that some of our prior language in
 
 Kime
 
 may be overbroad in light of the developing science. District judges would be well served to consider each case individually and not rush headlong into the conclusion that proffered expert testimony should be excluded in all (or even most) cases because of its potential to confuse the jury, invade the province of the jury, or because defense counsel is capable of exposing to the jury any potentially unreliable bases underlying the eyewitness identification through cross examination.
 

 Current scientific evidence reveals at least a controversy over whether or not the usual legal process for rooting out witness unreliability is satisfactory in the context of eyewitness identifications without fully informing the jury of the nature of memory-including through the use of expert testimony. As I believe the district court inquiry regarding admissibility in each case must be individualized and based on the facts actually presented, I simply note that district courts should consider carefully all of the circumstances before exercising their discretion to exclude such evidence. In this case, the district court developed a sufficient record to support its exercise of discretion. Under other circumstances, it might well be a better exercise
 of discretion to admit the proffered evidence.